

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JARECA T. SUMTER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION  3:23-5332-MGL-PJG |
| | § | |
| EMPIRE PROPERTY MANAGEMENT GROUP, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Jareca T. Sumter (Sumter) filed this lawsuit against Defendant Empire Property Management Group.  Sumter is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Sumter's action be dismissed without prejudice and without issuance and service of process.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 8, 2023, and the Clerk entered Sumter's objections on December 19, 2023. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Sumter's objections are non-specific. But, specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). In that Bryant's general objection to the Report fail to direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after being warned of the consequences of failing to object, makes de novo review by the district court unnecessary). And, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985).

Nevertheless, in an abundance of caution, the Court has made a de novo review of the Report and the record. In so doing, the Court concludes there exists no error in the Report. As such, it will overrule Sumter's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Sumter's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Sumter's action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

Sumter's motion for a hearing is, therefore, necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 21st day of December, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Sumter is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.